**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEWIS M. MOTON, JR.,

      Plaintiff,

v.                                  Case No. 8:06-CV-2163-T-30EAJ

CAPTAIN B.E. COWART, et. al.,

      Defendants.

_____/

## <u>ORDER</u>

THIS matter comes before the Court for consideration of Plaintiff's Motion for Reconsideration of the Court's November 30, 2006 order dismissing his civil rights complaint (Dkt. 8). Plaintiff does not cite any legal authority for his motion.

Although Plaintiff's motion was not received by the Clerk for filing until December 14, 2006, the Court accepts the motion as timely filed as evidenced by the certificate of service executed by Plaintiff on Monday, December 11, 2006. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (*pro se* prisoner's document was deemed filed at the time he relinquished control of it to prison officials for mailing). Because the motion was filed within 10 business days of the entry of judgment on December 1, 2006, it will be construed as a Fed. R. Civ. P. 59(e)[1] motion. *See Finch v. City of Vernon,* 845 F.2d 256, 258-59 (11th Cir. 1988).

There are three grounds that justify granting a motion to alter or amend judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates*, *Inc.,* 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). Rule

---

[1] "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

59(e) gives the Court broad discretion to reconsider an order that it has entered. *See generally Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla.1996); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

In support of his motion, Plaintiff contends that the Court erred in finding that his administrative remedies are not exhausted, asserting that his complaint relates to the writing of the disciplinary report on November 1, 2004, which he characterizes as an act of retaliation, rather than  the disciplinary proceedings themselves. Plaintiff overlooks the fact that the Department of Corrections ("DOC") found that the grievance he filed on November 4, 2004, and the November 27, 2004 appeal of the denial of that grievance were not in compliance with the DOC's rules governing grievance procedures, as required under 42 U.S.C. § 1997e(a). Although an inmate plaintiff may contest the veracity of the responses to his grievances, this does not exonerate him from complying with "such administrative remedies as are available." *Id.*  That a plaintiff may have to go through additional procedural "hoops" to exhaust does not render the grievance process unavailable to him or otherwise excuse him from the exhaustion requirement. *See Alexander v. Hawk*, 159 F.3d 1321, 1325-27 (11th Cir. 1998).

ACCORDINGLY, the Court **ORDERS** that the Motion for Reconsideration is **DENIED** (Dkt. 8).

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy furnished to:
*Pro Se* Plaintiff

2