UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS M. MOTON, JR.,

    Plaintiff,

v.                                                      Case No. 8:06-CV-2163-T-30EAJ

CAPTAIN B.E. COWART, et. al.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon review of the file. Plaintiff, a Florida prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1) alleging that the defendants violated his First Amendment rights when they wrote and found him guilty of a false prison disciplinary charge in retaliation for Plaintiff's submission of an informal grievance. For relief, Plaintiff seeks $5,000.00 in damages (Id. at 10).

**Standard of Review**

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>   (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte*. *See* 28 U.S.C. § 1915A(a). Thus, because correctional officers with the Florida Department of Corrections have been named as defendants in these proceedings, the Court is required to review the complaint.

## Discussion

Plaintiff's complaint is subject to *sua sponte* dismissal before service on the defendants. A claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the *Heck* standard:

>   We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

>bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The *Heck* analysis is applicable to actions brought by prisoners who are challenging prison disciplinary action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (A plaintiff cannot proceed with a claim challenging the loss of good/gain time credits unless he shows restoration of the credits as required by *Heck*.).

Plaintiff's claims that defendants retaliated against him for submitting a grievance, if proven, will necessarily imply the invalidity of the disciplinary action. Because Plaintiff has not alleged that the disciplinary action was expunged, reversed, or invalidated, he cannot state a cause of action to sustain a §1983 action relating to his underlying disciplinary charge consistent with *Heck*.

Further, to the extent that Plaintiff forfeited gain time as a result of the disciplinary hearing (Dkt. 1 at 29), Plaintiff's exclusive federal remedy is a writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973).

Consequently, Plaintiff fails to state a claim for relief. Plaintiff's claim is premature and consequently this case will be dismissed. This dismissal is without prejudice to Plaintiff's re-filing his Section 1983 claim after invalidation of the disciplinary action.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is hereby **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915A(b)(1).

2. The Clerk of the Court shall terminate any pending motions, enter judgment dismissing this case without prejudice, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*