UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS M. MOTON, JR.,

    Plaintiff,

v.      Case No. 8:06-CV-2163-T-30EAJ

CAPTAIN B.E. COWART, et. al.,

    Defendants.
_____/

## **O R D E R**

THIS cause came before the Court on *pro se* prisoner Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Dkt. 1). On July 17, 2007, the Court dismissed without prejudice Plaintiff's complaint as premature pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) on the ground that Plaintiff had not demonstrated that the disciplinary conviction at issue was expunged or otherwise invalidated (Dkt. 19). On July 27, 2007,[1] Plaintiff filed his Motion for Reconsideration (Dkt. 21) pursuant to Fed. R. Civ. P. 59(e) in which he requests that the Court reconsider its July 17, 2007 Order dismissing his complaint and reinstate this action. Plaintiff argues in support of his motion that his complaint demonstrates that the disciplinary conviction at issue has been expunged.

---

[1] Although Plaintiff's motion was filed with the Court on August 1, 2007, Plaintiff delivered his motion to prison officials for mailing on July 27, 2007. Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court.

Rule 59(e), Fed.R.Civ.P., gives the Court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla.1996); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The three grounds that justify granting a motion to alter or amend an order are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). Plaintiff appears to qualify for relief under ground (3) as his complaint does seem to demonstrate that after a rehearing on the matter, he was found not guilty of the subject disciplinary conviction (Dkt. 1 at 36-37), and, therefore, the disciplinary conviction has been invalidated, and his action is not premature.

ACCORDINGLY, it is **ORDERED** that:

1. Plaintiff's Motion for Reconsideration is **GRANTED** (Dkt. 21). The July 17, 2007 order dismissing the complaint (Dkt. 19) and the judgment entered pursuant thereto (Dkt. 20) are hereby **VACATED**. The Clerk is instructed to **REINSTATE** this case to active status.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to: *Pro Se* Plaintiff
SA:sfc