UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS M. MOTON, JR.,

    Plaintiff,

v.                                      Case No. 8:06-CV-2163-T-30EAJ

CAPTAIN B.E. COWART, et. al.,

    Defendants.
_____/

**ORDER**

BEFORE the Court are Plaintiff's Motion for Appointment of Counsel (Dkt. 54), and Motion for Extension of Time (Dkt. 55) in which Plaintiff requests an extension of time to conduct discovery. Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint (Dkt. 1) in which he claims Defendants violated his rights under the First Amendment when they retaliated against him for submitting grievances.

**Motion for Appointment of Counsel**

The United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 (1976) is civil in nature and does not affect a plaintiff's physical liberty. Anyone has the constitutional right to hire his own lawyer, but, generally

speaking, no right to counsel exists in cases filed under § 1983. See Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); see also Mekdeci By & Through Mekdeci v. Merrell Nat'l. Laboratories, 711 F.2d 1510, 1522 (11th Cir. l983); Thomas v. Estelle, 603 F.2d 488, 489 (5th Cir. 1979). Other circuits are in agreement. See Watson v. Moss, 619 F.2d 775 (8th Cir. 1980); Aldabe v. Aldabe, 616 F.2d 1089, l093 (9th Cir. 1980); McBride v. Soos, 594 F.2d 610 (7th Cir. l979); Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969).

The constitutional rights of an accused in a criminal proceeding differ substantially from those of a plaintiff in a civil action. The stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Rule 44, Fed. R. Crim. P., do not apply to civil proceedings. See United States v. Rogers, 534 F.2d 1134 (5th Cir.), cert. denied, 429 U.S. 940 (1976).[1]

While an indigent litigant has no right to appointed counsel when his physical liberty is not implicated, the "fundamental fairness" requirement of the due process clause of the Fourteenth Amendment of the United States Constitution may mandate appointment of counsel in exceptional cases. Lassiter, 452 U.S. at 31. When exceptional circumstances are present, the Court has the discretion under 28 U.S.C. § 1915(e)[2] to request an attorney to represent a litigant proceeding *in forma pauperis.* A finding of exceptional circumstances

---

[1]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this court, unless reversed by this court sitting en banc. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[2]Section 1915(e) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989).

2

depends upon assessment of two basic factors: (1) The type and complexity of the case; and (2) the abilities of the individual bringing it. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). See also Ulmer v. Chancellor, 69l F.2d 209, 2l3 (5th Cir. 1982) and Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

In the present case, the Court finds no exceptional circumstances necessitating appointment of counsel and will therefore **deny** Plaintiff's motion for appointment of counsel. See Schack v. Florida, 39l F.2d 593, 595 (5th Cir. 1968), cert. denied, 392 U.S. 916 (1968). The Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. See Branch v. Cole, 686 F.2d at 266. This is not a complex case and does not raise any new or novel issues or facts. See Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).

**Motion for Extension of Time**

The Case Management and Scheduling Order states that the Fact Discovery Cut-Off date is October 1, 2008 (Dkt. 51 at page 1). Plaintiff alleges that he has been subject to harassment from prison officials and has been unjustifiably deprived of his legal materials for a significant period of time, and therefore he needs twenty more days to conduct factual discovery. "District judges are accorded wide discretion in ruling upon discovery motions[.]" Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996), cert. denied, 520 U.S. 1257 (1997). Because Plaintiff is a prisoner proceeding pro se and has allegedly been deprived of his legal materials for a significant period of time, the Court will grant Plaintiff a brief extension of time to serve discovery requests on Defendants.

**ACCORDINGLY**, the Court **ORDERS** that:

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 54) is **DENIED**.

2. Plaintiff's Motion for Extension of Time (Dkt. 55) to conduct factual discovery is **GRANTED** to the extent that Plaintiff may serve requests for discovery **on or before October 21, 2008.** The deadlines for expert disclosure and discovery, and dispositive motions remain as set forth in the Court's Case Management and Scheduling Order (Dkt. 51 at page 1).

**DONE** and **ORDERED** in Tampa, Florida on October 10, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies to:
Plaintiff *pro se*
Counsel of Record

4