# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEWIS M. MOTON, JR.,

 Plaintiff,

v.                 Case No. 8:06-CV-2163-T-30EAJ

CAPTAIN B.E. COWART, et. al.,

 Defendants.
_____/

## **ORDER**

This matter is before the Court on Defendant Cowart's (hereinafter "Defendant") Motion for Summary Judgment with Memorandum of Law (hereinafter "motion") (Dkt. 58). Defendant attached the following exhibits in support of her motion:

 1. Plaintiff's inmate information from the Corrections Offender Network;

 2. Plaintiff's deposition;

 3. Defendant's affidavit;

 4. Sgt. Duane V. Gardner's affidavit; and

 5. Linda Sheats' affidavit.

(Id. at Exhibits 1-5).

The Court previously advised Plaintiff how to respond to a motion for summary judgment, and informed Plaintiff that he had twenty days to file a response to a motion for summary judgment (Dkt. 25 at 4-5). On January 20, 2009, Plaintiff filed "Plaintiff's Papers

Opposing Defendant B.E. Cowart's Motion for Summary Judgment with Memorandum of Law, and Plaintiff's Motion for Judgment on the Pleadings with Memorandum of Law" (hereinafter "Response") (Dkt. 67). Plaintiff attached the following exhibits in support of his Response:

1. Plaintiff's inmate information from the Corrections Offender Network (Ex. A);

2. Inmate Request dated September 13, 2004 (Ex. B);

3. Inmate Request dated September 25, 2004 (Ex. C);

4. Plaintiff's Letter to Governor dated October 4, 2004; Inmate Request dated October 3, 2004; Letter from Office of the Chief Inspector General dated March 10, 2006; Letter from Department of Corrections, Region IV Regional Director of Institutions dated February 25, 2005; Letters (2) from Department of Corrections Correctional Services Asst. Consultant dated December 30, 2004; and Letter from Department of Corrections Citizens Services Administrator dated December 14, 2004 (Composite Ex. D);

5. Inmate Request dated December 4, 2004 (Ex. E);

6. Inmate Grievance Appeal to Secretary dated November 22, 2004; Inmate Request dated November 2, 2004; Inmate Grievance to Warden dated November 15, 2004; Inmate Requests (2) dated December 4, 2004 (Composite Ex. F);

7. Inmate Request dated November 2, 2004 (Ex. G);

8. Inmate grievance dated October 30, 2004; Inmate Request dated December 4, 2004 (Composite Ex. H);

9. Inmate Disciplinary Report dated November 1, 2004, charging Plaintiff with Disrespect to Officials (Ex. I);

10. Inmate Request dated November 2, 2004; Inmate Request dated December 5, 2004; Inmate Request dated December 7, 2004; Inmate Request dated December 4, 2004 (Composite Ex. J);

11. Inmate Grievance to Warden dated February 3, 2005 (Ex. K);

12. Inmate Disciplinary Reports (2) dated November 1, 2004, charging Plaintiff with Disrespect to Officials, and Spoken Threats (Composite Ex. L);

13. Inmate Disciplinary Report dated November 1, 2004, charging Plaintiff with Disrespect to Officials (Ex. M);

14. Inmate Grievance to Warden dated November 5, 2004 (Ex. N);

15. Inmate Request dated November 29, 2004 (Ex. O);

16. Inmate Request dated October 13, 2004 (Ex. P);

17. Disciplinary Report Hearing Information dated November 9, 2004, regarding November 1, 2004 disciplinary charge against Plaintiff for Disrespect to Officials, and November 1, 2004 disciplinary charge against Plaintiff for Spoken Threats (Composite Ex. Q);

18. Disciplinary Report Hearing Information dated December 9, 2004, regarding November 1, 2004 disciplinary charge against Plaintiff for Disrespect to Officials, and November 1, 2004 disciplinary charge against Plaintiff for Spoken Threats finding Plaintiff not guilty (Composite Ex. R);

19. Informal Grievance dated September 14, 2008; letter from Plaintiff's father to Warden dated September 15, 2008 (Composite Ex. S); and

20. Inmate Request dated November 30, 2004 (Ex. T).

Plaintiff also filed an affidavit in support of his Response (Dkt. 68 at pp. 4-5).

In his Response, Plaintiff also requests judgment on the pleadings (Dkt. 67 at p. 30). Defendant has filed a response in opposition to Plaintiff's request for judgment on the pleadings (Dkt. 70). Plaintiff filed a reply to Defendant's response to his request for judgment on the pleadings (Dkt. 72).

A review of the record indicates that, for the following reasons, Defendant is entitled to summary judgment as a matter of law.

**STANDARD OF REVIEW**

At the summary judgment stage, the court's role is to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). A granting of summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact

is material if it might affect the outcome of the suit under the governing substantive law. *Anderson*, 477 U.S. 242 at 249. A dispute is genuine if the evidence could lead a reasonable jury to return a verdict for the nonmoving party. *Id.* "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Federal Rule of Civil Procedure 56 permits the plaintiff or the defendant to move for summary judgment. Fed. R. Civ. P. 56. The moving party carries the initial burden of showing no genuine issue of material fact exists. This is done by producing evidence outside of the pleadings. One way the moving party may discharge its burden is by a showing that there is an absence of evidence to support the nonmoving party's case. Fed. R. Civ. Pr. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has made and supported its motion, the burden shifts to the nonmoving party to show that a disputed issue of material fact exists. The nonmoving party's response "'may not rely merely on allegations or denials in its own pleading; rather, its response must… set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact is established when the non-movant has presented enough evidence to show that a reasonable jury could find in its favor. *Anderson*, 477 U.S. 242 at 248.

The plaintiff must produce evidence establishing the essential elements of the case that he must prove at trial. *Celotex*, 477 U.S. 317 at 322-323. Accordingly, where the defendant has moved for summary judgment, the defendant can show that he is entitled to

judgment as a matter of law because the existing record contains no evidence to support an essential element of plaintiff's case. *Id*. All evidence and factual inferences drawn from the evidence are viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**FACTUAL BACKGROUND**

Plaintiff, a state prisoner, initiated this action by filing a *pro se* civil rights complaint (hereinafter "complaint") (Dkt. 1). The complaint alleges a First Amendment violation for retaliation arising from a November 1, 2004 incident in which Plaintiff was subjected to disciplinary action. (See Dkt. 1 at 8-9). Defendant denies she violated Plaintiff's constitutional rights, and she maintains that Plaintiff was issued disciplinary infractions because Plaintiff was disrespectful to her and threatened her (Dkt. 58).

According to the complaint, on September 13, 2004, Plaintiff submitted a grievance complaining that Officer Funk had told Plaintiff to "keep [his] eyes to [himself]." (Dkt. 1 at 18). Defendant responded to the grievance and "upheld" Officer Funk's conduct (Id.). On September 25, 2005, Plaintiff submitted an inmate request to Defendant asking her to explain "her reasoning behind condoning blatantly improper conduct." (Id.). On October 4, 2004, Defendant woke Plaintiff up at 2:00 a.m., and threatened to write Plaintiff a disciplinary report for disrespect to officials for submitting the request (Id.).[1] On October 6, 2004,

---

[1] The Court notes that although Plaintiff emphasizes and complains that Defendant Cowart woke Plaintiff up in the early morning hours to discuss Plaintiff's grievances, Defendant Cowart worked the midnight shift from 12:00 a.m. until 8:00 a.m., and she could only speak to Plaintiff regarding his grievances directed to her during the time she was on duty. (Dkt. 58-4 at 2).

6

Defendant issued a response to Plaintiff's September 25, 2005 inmate request (Id. at 18-20).

On October 15, 2004, Plaintiff submitted another inmate request to Defendant asking her to clarify statements she made to him on October 4, 2004 (Id. at 20). On October 18, 2004, Sgt. Gardner woke Plaintiff up at 1:00 a.m., and harassed Plaintiff about the October 15th request to Defendant (Id.).

On October 30, 2004, Plaintiff wrote a grievance to Defendant in which he stated that Defendant had failed to timely answer his October 15, 2004 inmate request, and he also stated "REMEDY: RETURN MY REQUEST DATED 10-15-04 WITH APPROPRIATE ANSWER AS REQURED [sic]." (Id. at 34).

On November 1, 2004, Defendant met with Plaintiff in her office (Id. at 36). Also present at that time were Sgt. Gardner, Sgt. Bond, and Officer Flores (Id.). Defendant explained to Plaintiff that his October 30, 2004 grievance was disrespectful, and that he was going to be placed in administrative confinement for disrespect to officials (Id.). Plaintiff then told Defendant "you will answer these grievances!" (Id.).[2] Plaintiff also told Defendant "that my lawyer would be 'hearing about this'" (Id. at 21). On November 1, 2004, Defendant wrote Plaintiff two disciplinary reports: one for disrespect to officials,[3] a violation of Florida

---

[2]Plaintiff denies that he made this statement (Dkt. 58-3 - Plaintiff's deposition at 41).

[3]The report stated as follows:

On November 1, 2004 at approximately 2:15am, I received an inmate request from inmate Moton, Lewis DC#706021 demanding that I respond to an inmate request dated October 15, 2004 and that I adhere to the 10 day response rule. As previously responded in writing the inmate grievance was removed from my in box and upon returning to duty I was unable to locate the request and advised inmate Moton of such. I requested in writing that inmate Moton resubmit his request that was both disrespectful and offensive in nature. While present in my office, I explained to inmate Moton that his most recent request dated 10-30-2004 was disrespectful and I was placing him into

7

Administrative Code, Chapter 33-601.314, 1-4,[4] and one for spoken threats[5], a violation of Florida Administrative Code, Chapter 33-601.314, 1-3[6] (Dkt.1 at 20-21, 36; Dkt. 47 at 12). Plaintiff claims that both disciplinary reports are false and were written by Defendant in retaliation for Plaintiff submitting his October 30, 2004 grievance (Id. at 22).

Following disciplinary hearings on the two disciplinary charges, Plaintiff was found guilty of both charges (Id. at 21). Plaintiff, however, appealed and the findings of guilt were reversed (Id.). The charges were re-written, and following new disciplinary hearings Plaintiff was found not guilty of the charges (Id.).

---

administrative confinement for 1-4 Disrespect to Officials. Inmate Moton stated "you will answer these grievances." Present during this interview were Sergeants Gardner and Bond and Officer D. Flores. See Attached Inmate Requests."

(Dkt. 1 at 28).

[4]Florida Administrative Code, Chapter 33-601.314, 1-4 prohibits inmates from "disrespect to officials, employees, or other persons of constituted authority expressed by means of words, gestures, and the like[.]"

[5]The report stated as follows:

On November 1, 2004 at approximately 2:40am I was present in the Captain's office with Sergeants F. Bond, D. Gardner, Officer D. Flores and inmate Moton, Lewis DC#706021. I had advised Moton that he was being placed into administrative confinement for 1-4, Disrespect to Officials, due to an inmate request he had sent to me, demanding that I comply and respond to an inmate request that was dated October 30, 2004, and that I adhere to the ten day response rule. I had previously responded in writing that the inmate request in question had been removed from my assigned in-box located in the security building. Additionally, I discovered it missing upon my return to duty. All attempts to locate the inmate request in question were to no avail, and Moton had been advised of this in writing by me. In writing, I requested that Moton re-submit his request to me. At that time, Moton turned, looked directly at me, and stated in a disrespectful and threatening tone of voice, "you will answer these grievances! You will hear from my lawyer and subpoena!" See attached Inmate Request. This report was intiated [sic] for a rehearing based on D.R. #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 at the direction of the Warden. It was re-investigated, re-typed and re-served.

(Dkt. 47 at 12).

[6]Florida Administrative Code, Chapter 33-601.314, 1-3 prohibits inmates from "spoken, written, or gestured threats[.]"

8

**DISCUSSION**

Retaliation by prison officials against an inmate for engaging in protected activity is cognizable in a civil rights suit for damages. *Wildberger v. Bracknell*, 869 F.2d 1467 (11th Cir. 1989). "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006)(citation omitted). "To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). To establish a First Amendment retaliation claim, the plaintiff must demonstrate that his speech was a "substantial" or "motivating" factor in the allegedly retaliatory decision. *Gattis v. Brice*, 136 F.3d 724, 726 (11th Cir. 1998). A plaintiff must present affirmative evidence of retaliation to prove the required motive. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

The Court will assume without finding that Plaintiff has established that his act of writing the October 30, 2004 grievance was constitutionally protected, and that Defendant's writing the disciplinary reports adversely affected Plaintiff's right to petition the government with grievances. Plaintiff, however, is still required to establish a causal connection between

9

his filing the grievance and the discipline he received. Accordingly, the Court must ask whether the Defendant was subjectively motivated to discipline because Plaintiff wrote the grievance, i.e., what motivated Defendant Cowart to prepare the disciplinary reports? *See, Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008)(plaintiff must show that defendant was "subjectively motivated to discipline" because plaintiff exercised his First Amendment rights).

When resolving the "subjective motivation issue" the Court employs the "*Mt. Healthy* burden-shifting formula"[7] which provides:

> [o]nce the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on [his motion for judgment as a matter of law or prior to trial on] summary judgment.

*Smith v. Mosley*, 532 F.3d at 1278 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999)).

As to the disciplinary report for Spoken Threats, the Court finds that a reasonable fact finder would have to find that Defendant Cowart would have disciplined Plaintiff "even in the absence of the protected conduct," i.e., the submission of the October 30, 2004 grievance. *Mt. Healthy*, 429 U.S. at 287; *Thaddeus-X*, 175 F.3d at 388 n.4. In his affidavit, Sgt. Gardner attests that on November 1, 2004, when Defendant Cowart counseled with Plaintiff regarding Plaintiff's October 30, 2004 grievance, Plaintiff threatened "the Captain with a lawyer in an

---

[7]*See generally, Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

effort, I believe, that was intended to cause the Captain to reverse her decision to place [Plaintiff] into administrative confinement..." (Dkt. 58-5 - Affidavit of Duane V. Gardner at p. 3). Plaintiff admitted in his deposition that when Defendant Cowart asked him if he had anything to say about the disciplinary report for Disrespect to Officials that he "told her my lawyer was going to hear about it." (Dkt. 58-3 - Plaintiff's deposition at p. 40). Accordingly, the Court finds that Defendant Cowart would have proceeded as she did, i.e., to charge Plaintiff with Spoken Threats, "even in the absence of the protected conduct," i.e., the submission of the October 30, 2004 grievance.

As to the disciplinary report for Disrespect to Officials, there is no dispute that Defendant Cowart issued Plaintiff a disciplinary report in response to the grievance Plaintiff wrote on October 30, 2004. However, there is no evidence to suggest Plaintiff was disciplined simply because he wrote the grievance. Instead, the facts show that he received a disciplinary report because of the *way* he wrote his grievance.

> In his October 30, 2004 grievance, Plaintiff wrote:
>
> INFORMAL GRIEVANCE: CAPT. COWART YOU HAVE FAILED TO ANSWER MY REQUEST DATED 10-15-04 WITHIN THE TEN (10) DAYS AS REQUIRED. THIS IS THE SAME REQUEST YOU HAD SGT. GARDNER TALK WITH ME ABOUT ON 10-18-04 AT APPROXIMATELY 1 A.M.
> ## "REMEDY: RETURN MY REQUEST DATED 10-15-04 WITH APPROPRIATE ANSWER AS REQURED [sic]."

(Dkt. 67 at p. 58)(emphasis in original).

Florida Administrative Code, Chapter 33-601.314, 1-4 prohibits inmates from "disrespect to officials, employees, or other persons of constituted authority expressed by means of words, gestures, and the like[.]" Defendant Cowart concluded reasonably that the manner in which Plaintiff wrote the grievance, i.e., telling her that she failed to timely answer his Inmate Request, and instructing her in large, emphasized writing to return his Inmate Request with an appropriate answer was disrespectful. In the prison context, there must be a "mutual accommodation" between the penal institution's legitimate needs and goals and the prisoner's retained constitutional rights. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As Plaintiff is well aware, the rights of prisoners are more constrained than non-prisoners. Although prisoners are afforded protections under the First Amendment, *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987), it is equally recognized that "these rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987)).

Even assuming that the language Plaintiff used in his October 30, 2004 grievance is protected by the First Amendment, Defendant Cowart had a legitimate penological interest in curbing language or comments that could be reasonably perceived as disrespectful. *See Turner v. Safley*, 482 U.S. 78 (regulation that impinges on prisoner's First Amendment rights must be reasonably related to legitimate penological interest). Obviously, Defendant Cowart

had a legitimate interest in preventing disrespectful behavior by prisoners and in maintaining order in the prison. The manner in which Plaintiff addressed Defendant Cowart in his grievance undermined both of these interests and justified Defendant Cowart's decision to discipline him.[8] Accordingly, although a close question, this Court concludes that Defendant Cowart has shown that her decision to discipline Plaintiff was reasonably related to a legitimate penological purpose, and that a reasonable fact finder would have to find that Defendant Cowart would have disciplined Plaintiff even in the absence of the protected conduct, i.e., the filing of the grievance itself.

**Physical Injury and Compensatory/Punitive Damages**

In his Complaint, Plaintiff requests "$5,000 in damages as a result of the injury sustained by the violation of his First Amendment right under the United States Constitution..." (Dkt. 1 at p. 10). "[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000). Compensatory damages may be based on monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation,

---

[8]Plaintiff argues that the Disciplinary Hearing Team's decisions that he was not guilty of the disciplinary charges establishes that Defendant Cowart's disciplinary reports were retaliatory. The interpretation of the grievance and the spoken threats, however, is in the eye of the beholder. Because the Disciplinary Hearing Team in hindsight does not view the grievance as disrespectful, or Plaintiff's comment to Defendant Cowart as a spoken threat does not render the disciplinary charges unconstitutional. The tone and presentation of Plaintiff's grievance could be reasonably construed as demanding and disrespectful, and his statement to Defendant Cowart that she would be hearing from his lawyer regarding the disciplinary charge could be reasonably construed as a spoken threat. Defendant Cowart acted within constitutional bounds in charging Plaintiff with Disrespect to Officials and Spoken Threats, regardless of the ultimate disposition of those charges.

or personal humiliation. *Id*. at 1231. However, pursuant to 42 U.S.C. § 1997e(e), a prisoner bringing a § 1983 action must demonstrate more than de minimus physical injury in order to recover for mental or emotional injury suffered while in custody. *Dixon v. Toole*, 225 Fed. Appx. 797, 799 (11th Cir. 2007); *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir.), *opinion reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000).

Plaintiff does not allege or demonstrate any physical injury, monetary loss, or other actual injury related to the retaliation claim. Even assuming that he suffered some mental or emotional injury from the alleged retaliation, § 1997e(e) bars him from recovering compensatory damages for such an injury because he did not allege or demonstrate any physical injury. In the absence of evidence of actual injury, even if this Court were to have a trial and Plaintiff were to prevail, he would be entitled to nominal damages only. *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978). Accordingly, to the extent Plaintiff seeks compensatory damages, Defendant Cowart is entitled to summary judgment.

ACCORDINGLY, the Court **ORDERS** that:

1. Defendant's Motion for Summary Judgment (Dkt. 58) is **GRANTED**.

2. To the extent Plaintiff's Response may be construed as a motion for judgment on the pleadings (Dkt. 67), the motion is **DENIED**.

3. The Clerk of the Court shall enter judgment in favor of Defendant, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 3, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy furnished to:
*Pro Se* Plaintiff
Counsel of Record